UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL DWAYNE HUGHES,

   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.
_____/

Case No. 22-10663
Honorable Denise Page Hood

## ORDER ACCEPTING REPORT AND RECOMMENDATION [#21] AND DISMISSING ACTION

This matter comes before the Court on Magistrate Judge David R. Grand's Report and Recommendation. [ECF No. 21] Plaintiff filed this action on March 18, 2022, asking this Court to review the Commissioner's final decision to deny his claim for Supplemental Security Income. The Magistrate Judge entered the Report and Recommendation on October 17, 2022, and he recommended that the Court grant the Commissioner's Motion for Summary Judgment [ECF No. 18], deny Plaintiff's Motion for Summary Judgment [ECF No. 16], and dismiss Plaintiff's cause of action. Plaintiff filed an objection to the Report and Recommendation, and the Commissioner filed a response to the objection. **[ECF Nos. 22, 24]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in

1

reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff has filed an objection to the Report and Recommendation. Plaintiff challenges the ALJ's findings regarding Plaintiff's torn quadriceps tendon, including the ALJ's reliance on the state agency physician and doubt as to Plaintiff's assertion of a complete quadriceps tear. Plaintiff contends that, once he indicated to the ALJ that the condition of his knee was getting worse, the ALJ did not (but should have) made further inquiries regarding the condition of Plaintiff's torn quadriceps.

The Court has reviewed the record and concludes that there is no evidence that the ALJ failed to consider what Plaintiff was capable of performing. The Court

finds that the ALJ was not required to consider or rely upon information Plaintiff cited from a medical journal article. The Court also finds that Plaintiff has not identified in the record any greater limitations on Plaintiff's residual functional capacity than those relied upon by the ALJ.

The Court notes that the ALJ focused on and took into consideration that Plaintiff had a "quadriceps tendon tear," and the ALJ relied on Plaintiff's own representations in reaching a conclusion. The representations that the AJL relied upon included: (1) "The claimant reported in December 2019 that he used a cane for ambulation but following physical therapy for his knee, he stopped using the cane," ECF No. 12, PageID.63, 381; and (2) Plaintiff's daily activities included "'constantly' going up and down the stairs throughout the day." *Id.* at PageID.64, 82.

For these reasons, the Court concludes that Plaintiff's objection is not supported by the evidence in the record. Finally, as always, the "fundamental question [for this Court] . . . is whether the ALJ's decision is supported by substantial evidence[.]" *Dykes ex re. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004). For the reasons set forth in the Report and Recommendation and above, the Court finds that the ALJ's decision, including but not limited to the determinations that Plaintiff challenges in his objection, was supported by substantial evidence and was not based on any legally erroneous determination. The Court accepts the

Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [ECF No. 21, filed October 17, 2022] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the Report and Recommendation [ECF No. 22, filed November 17, 2022] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [ECF No. 16, filed July 26, 2022] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [ECF No. 18, filed August 17, 2022] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.  Judgment shall be entered separately.

s/Denise Page Hood
DENISE PAGE HOOD
DATED:  March 29, 2023			United States District Judge